Filed 4/28/25  P. v. Moore CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>DAVID LEE MOORE,<br><br>    Defendant and Appellant. | F088058<br><br>(Super. Ct. No. BF172121D)<br><br><br>**OPINION** |

### THE COURT[*]

APPEAL from a judgment of the Superior Court of Kern County.  Charles R. Brehmer, Judge.

Patrick J. Hennessey, Jr., under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Kimberley A. Donohue, Assistant Attorney General, Julie A. Hokans and Dina Petrushenko, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

[*]    Before Hill, P. J., Levy, J. and Meehan, J.

**INTRODUCTION**

Defendant David Lee Moore entered an illegal gaming business with three other gang members and robbed the business at gunpoint. While fleeing, the four robbers shot at a security guard and wounded him in the leg. A jury convicted defendant of attempted murder, second degree robbery, assault with a firearm, conspiracy to commit robbery and assault with a firearm, and unlawful possession of a firearm by a felon and found true multiple firearm and gang enhancements.

After defendant's trial, the Legislature substantially amended the statutes applicable to gang enhancements and sentencing. On appeal, we reversed the true findings on the Penal Code[1] former section 186.22, subdivision (b)(1) gang enhancements, the section 12022.53, subdivision (e) gang-related firearm enhancements, and the section 12022.7 great bodily injury enhancement (due to an erroneous jury instruction). (*People v. Moore* (July 13, 2023, F082544) [nonpub. opn.].) After remand, the prosecutor declined to retry the enhancements, and the trial court resentenced defendant after declining to strike the remaining enhancements.

Defendant argues that we must remand for resentencing because the trial court was unaware of its discretion to either strike the enhancements and/or impose lesser enhancements. We conclude that the trial court was aware of its sentencing discretion and affirm the judgment.

**PROCEDURAL BACKGROUND[2]**

On September 25, 2020, a jury convicted defendant of attempted murder (§§ 187, 664; count 1), second degree robbery (§ 212.5, subd. (c); count 2), assault with a firearm (§ 245, subd. (a)(2); count 3), conspiracy to commit robbery and assault with a firearm

---

[1]  Undesignated statutory references are to the Penal Code.

[2]  Defendant's appeal raises issues related to errors in his resentencing. Therefore, we dispense with a recitation of the facts in this case.

(§§ 182, subd. (a)(1), 212.5, subd. (c), 245, subd. (a)(2); count 5), and unlawful possession of a firearm by a felon (§ 29800, subd. (a)(1); count 6). The jury also found true allegations that defendant committed the crimes to benefit a criminal street gang (former § 186.22, subd. (b)(1)) as to all counts; personally used a firearm (§ 12022.53, subd. (b)), personally discharged a firearm (§ 12022.53, subd. (c)) causing great bodily injury (§ 12022.53, subd. (d)), was vicariously liable for another principal participant's use and discharge of a firearm during a gang-related crime (§ 12022.53, subds. (e), (b), (c), (d)) as to counts 1 and 2; and personally used a firearm (§ 12022.5, subd. (a)) and inflicted great bodily injury (§ 12022.7) as to counts 3 and 5.[3]

After defendant waived his right to a jury trial, the trial court found true that defendant had a prior "strike" conviction within the meaning of the "Three Strikes" law (§§ 667, subds. (b)–(i), 1170.12, subds. (a)–(d)) and a prior serious felony conviction (§ 667, subd. (a)).

At the time of defendant's trial, former section 186.22 provided for enhanced punishment when a defendant is convicted of an enumerated felony committed "for the benefit of, at the direction of, or in association with a criminal street gang." (Former § 186.22, subd. (b)(1), as amended by Stats. 2017, ch. 561, § 178, p. 4369.) Effective January 1, 2022, Assembly Bill No. 333 (2021–2022 Reg. Sess.) amended section 186.22 to require proof of additional elements to establish gang offenses and enhancements. (Stats. 2021, ch. 699, § 3.) On appeal, we reversed defendant's true findings on the gang

---

[3] The information charged codefendants Frankie Duque Ramos and Eric Frank Grijalva with the same crimes as well as participation in a criminal street gang (former § 186.22, subd. (a); count 4). Anesia Lucia Ribeiro was charged in counts 1, 2, 3, 5, and also with accessory to a crime (§ 32; count 7). Adolfo Rivera was charged by separate information for his involvement in the robbery. The jury convicted Ramos of the same charges and found true the same enhancements but failed to reach a verdict as to count 4, which charged Ramos with participating in a criminal street gang. The trial court granted Ribeiro's motion for judgment of acquittal as to attempted murder (count 1), and the jury acquitted her of one charge but failed to reach a verdict as to the remaining three charges against her. The jury also failed to reach a verdict as to any of the charges against Grijalva.

enhancements (former § 186.22, subd. (b)(1)) as to counts 1, 2, 3, 5, and 6 and gang-related firearm enhancements (§ 12022.53, subd. (e)) as to counts 1 and 2.  Additionally, we reversed the true finding for the great bodily injury enhancement (§ 12022.7) due to an erroneous jury instruction and remanded for further proceedings.

On remand, the prosecutor declined to retry the enhancements, and the trial court resentenced defendant on April 24, 2024.  The trial court resentenced defendant to a total prison term of 14 years, plus two years, plus 25 years to life as follows:  the middle term of 14 years for attempted murder (§§ 187, 664, 667, subd. (e)), plus 25 years to life (§ 12022.53, subd. (d)), plus stayed terms of 10 and 20 years (§§ 654, 12022.53, subds. (b), (c)); and a consecutive two-year term for robbery (§§ 212.5, subd. (c), 667, subd. (e)), plus 25 years to life (§ 12022.53, subd. (d)), plus stayed terms of 10 and 20 years (§§ 654, 12022.53, subds. (b), (c)).[4]

As to the remaining charges, the trial court imposed and stayed (§ 654) the following sentences:  the low term of four years for assault with a firearm (§§ 245, subd. (a)(2), 667, subd. (e)), plus three years (§ 12022.5, subd. (a)); the low term of 32 months for conspiracy to commit robbery (§§ 182, subd. (a)(1), 667, subd. (e)), plus three years (§ 12022.5, subd. (a)); and the low term of 32 months for possession of a firearm by a felon (§§ 29800, subd. (a)(1), 667, subd. (e)).[5]

---

[4]     The Judicial Council has separate forms to record defendant's determinate and indeterminate sentences:  the Determinate Felony Abstract of Judgment (form CR-290) and the Indeterminate Felony Abstract of Judgment (form CR-292).  The trial court erroneously recorded both the determinate and indeterminate sentences on only the Determinate Felony Abstract of Judgment (form CR-290).  We shall direct the trial court to prepare amended abstracts of judgment, recording the determinate sentences on the Determinate Felony Abstract of Judgment (form CR-290) and the indeterminate sentences pursuant to section 12022.53, subdivision (d) on the Indeterminate Felony Abstract of Judgment (form CR-292) as was done after defendant's original sentencing.

[5]     The trial court previously dismissed enhancements pursuant to sections 12022.5 and 12022.7 as to count 6 because the jury did not make any finding on them.  During defendant's original sentencing, the court struck the enhancement for a serious felony conviction (§ 667, subd. (a)).

The court also ordered defendant to pay victim restitution (§ 1202.4, subd. (f)) as to counts 1 and 2, a $300 restitution fine (§ 1202.4, subd. (b)), a suspended $300 parole revocation restitution fine (§ 1202.45), $150 in criminal conviction assessments (Gov. Code, § 70373), and $200 in court operations assessments (§ 1465.8).

Defendant timely appealed on May 15, 2024.

## DISCUSSION

Defendant argues that the record demonstrates that the court was unaware of its discretion to strike the section 12022.53, subdivision (d) enhancements and/or impose lesser firearm enhancements under section 12022.53, subdivision (b) or (c) because the court failed to acknowledge that it had such discretion. We disagree.

### I. *The trial court did not abuse its discretion in failing to strike or dismiss the section 12022.53, subdivision (d) enhancements or impose lesser firearm enhancements.*

Defendant contends this case must be remanded for the trial court to consider whether it would strike the firearm enhancements attached to his sentence pursuant to section 12022.53, subdivision (h) based on the enactment of Senate Bill No. 620 (2017–2018 Reg. Sess.) (Senate Bill 620). The People argue forfeiture and contend the existing record fails to show the resentencing court was unaware of its discretionary authority to strike the challenged enhancement. We agree that defendant has failed to demonstrate that the trial court was unaware of its resentencing discretion to dismiss or strike the firearm enhancement pursuant to section 1385.

#### A. Background

At defendant's resentencing hearing, the prosecutor argued the trial court should resentence defendant to middle or upper term as to counts 1 and 2 and order that the sentence on count 2 be served consecutively. Defense counsel argued that the middle term for attempted murder was "more appropriate" and stated, "I don't have much more to add than [what] was laid out in the moving papers as to our argument that the assault

5.

on the security guard was not a different intent or motive but was part of [defendant] attempting to reach safety from the robbery and, therefore, should be run concurrent."

Prior to resentencing defendant, the court stated: "I've considered everything that's been provided to me by both counsel, arguments today, the opinion of the Fifth District Court of Appeal, to the extent it's appropriate to consider for resentencing. I'm exercising all discretion I currently have and discretion I would have in the future, should I have some additional discretion and law change."[6] The court also indicated that "[f]actors in aggravation and mitigation have been considered as already indicated based on my review of everything, including Probation's new recommendation."

Effective January 1, 2018, Senate Bill 620 amended section 12022.53, subdivision (h) to remove the prohibition on striking a section 12022.53 enhancement and allow the trial court to dismiss or strike it in the interest of justice pursuant to section 1385. (Stats. 2017, ch. 682, § 2.) Defendant was resentenced on April 24, 2024, approximately six years after Senate Bill 620 took effect.

### B.      Applicable Law and Standard of Review

"We review the trial court's exercise of discretion at sentencing for abuse." (*People v. Shenouda* (2015) 240 Cal.App.4th 358, 368; see *People v. Carmony* (2004) 33 Cal.4th 367, 375.) Defendant is entitled to the court's informed discretion on any sentencing decision. (See *People v. Gutierrez* (2014) 58 Cal.4th 1354, 1391.) A court unaware of the scope of its discretionary powers " 'can no more exercise that "informed discretion" than one whose [decision] is or may have been based on misinformation regarding a material aspect of a defendant's record.' " (*Ibid*.) Under these circumstances, the proper remedy is to remand "unless the record 'clearly indicate[s]' that

---

[6]      When originally sentenced on March 3, 2021, the court stated: "You fired a weapon, and given the facts of this case, given everything, given all the factors in aggravation and in mitigation, I am declining to strike any enhancements other than the [section] 667[, subdivision] (A) or dismiss any enhancements. I don't believe it's warranted."

the trial court would have reached the same conclusion 'even if it had been aware that it had such discretion.' " (*Ibid*.)

"Absent evidence to the contrary, [appellate courts] presume that the trial court knew the law and followed it." (*People v. Ramirez* (2021) 10 Cal.5th 983, 1042; see *People v. Stowell* (2003) 31 Cal.4th 1107, 1114; *People v. Martinez* (2017) 10 Cal.App.5th 686, 728.) Moreover, appellate courts "presume that a judgment or order of the trial court is correct," and " ' "[a]ll intendments and presumptions are indulged to support it on matters as to which the record is silent, and error must be affirmatively shown." ' " (*People v. Giordano* (2007) 42 Cal.4th 644, 666; see *Martinez*, at p. 728.) "Thus, where a statement of reasons is not required and the record is silent, a reviewing court will presume the trial court had a proper basis for a particular finding or order." (*Stowell*, at p. 1114; see *In re Julian R.* (2009) 47 Cal.4th 487, 499.)

## C. Analysis

### (1) Remand is not warranted under Senate Bill 620

#### a) Forfeiture

" 'A party in a criminal case may not, on appeal, raise "claims involving the trial court's failure to properly make or articulate its discretionary sentencing choices" if the party did not object to the sentence at trial. [Citation.] The rule applies to "cases in which the stated reasons allegedly do not apply to the particular case, and cases in which the court purportedly erred because it double-counted a particular sentencing factor, misweighed the various factors, or failed to state any reasons or give a sufficient number of valid reasons ...." ' " (*People v. Scott* (2015) 61 Cal.4th 363, 406.) Only "a narrow class of sentencing issues … are reviewable in the absence of a timely objection," such as when a court fails to exercise its discretion. (*People v. Leon* (2016) 243 Cal.App.4th 1003, 1023.) Therefore, defendant has not forfeited his argument that the trial court was unaware of its discretion to dismiss the firearm enhancements.

**b)** **Defendant has failed to demonstrate that the trial court was unaware of the scope of its discretion to dismiss or strike the firearm enhancements.**

A trial court cannot exercise its discretion if it is "unaware of the scope of its discretionary powers." (*People v. Belmontes* (1983) 34 Cal.3d 335, 348, fn. 8.) However, we never presume error, so defendant must "affirmatively demonstrate that the trial court misunderstood its sentencing discretion." (*People v. Davis* (1996) 50 Cal.App.4th 168, 172.) Here, defendant did not object at sentencing to imposition of the firearm enhancements and attempts to avoid forfeiture by framing his argument as the trial court being unaware of its discretion. We disagree.

Defendant was originally sentenced on March 3, 2021, and resentenced on April 24, 2024, approximately three and six years, respectively, after Senate Bill 620's amendments to section 12022.53, subdivision (h) went into effect on January 1, 2018. Section 1385 contains no express requirement that a trial court articulate any findings or rulings unless it strikes or dismisses an enhancement. (See § 1385, subd. (a); *In re Large* (2007) 41 Cal.4th 538, 550 [noting the express findings requirement of § 1385, subd. (a) only applies when a strike is dismissed].) Therefore, in the face of a silent record like this one, and in the absence of an affirmative duty to make express findings, we presume that the court knew about section 12022.53, subdivision (h). (*People v. Ramirez, supra*, 10 Cal.5th at p. 1042; *In re Julian R., supra*, 47 Cal.4th at pp. 498–499; *People v. Giordano, supra*, 42 Cal.4th at p. 666; *People v. Stowell, supra*, 31 Cal.4th at p. 1114; *Denham v. Superior Court* (1970) 2 Cal.3d 557, 564; *People v. Martinez, supra*, 10 Cal.App.5th at p. 728.)

At the time of defendant's sentencing and resentencing, Senate Bill 620 had already amended section 12022.53 to permit the trial court to exercise its sentencing discretion to strike or dismiss defendant's firearm enhancements. We will not presume that the trial court was unaware of its discretion to dismiss or strike the firearm enhancements simply because no party raised the issue and the court never specifically

discussed it. We note, however, that the court stated before resentencing that it intended to exercise its current sentencing discretion and any future discretion imparted by a change in the law, although it did not mention any specific sentencing decision to which the discretion applied. However, during defendant's original sentencing hearing, the court specifically stated that it declined to dismiss or strike any enhancements except for the prior serious felony conviction enhancement, indicating that the court was aware of its discretion to strike enhancements pursuant to section 12022.53, subdivision (h). As the information alleged enhancements pursuant to section 12022.53, subdivisions (b), (c), (d), and (e), and the jury found all of those allegations true, section 12022.53, subdivision (h) provided the court discretion to either strike or dismiss all the firearm enhancements or strike and dismiss section 12022.53, subdivision (d)'s term of 25 years to life and impose lesser terms of 10 or 20 years pursuant to section 12022.53, subdivision (b) or (c).

In support of his position, defendant relies upon *People v. Tirado* (2022) 12 Cal.5th 688 (*Tirado*), which was decided after defendant's original sentencing but before his resentencing. *Tirado* held that a court may strike a section 12022.53 firearm enhancement and impose a lesser *uncharged* section 12022.53 enhancement. (*Tirado*, at p. 692). However, we presume the court was aware of its sentencing discretion to impose less severe firearm enhancements because, unlike in *Tirado*, those lesser enhancements were charged in the information as to each individual count, the jury found each of them to be true, and the court expressly stayed the lesser enhancements in favor of imposing the most severe enhancement for each count. The issue in *Tirado*, not present here, was whether a court may strike a firearm enhancement and instead impose a lesser *uncharged* firearm enhancement. (See *Tirado, supra*, 12 Cal.5th at p. 696.)

Defendant has failed to affirmatively demonstrate that the trial court was unaware of or misunderstood the scope of its sentencing discretion. Therefore, defendant is not entitled to resentencing on this basis.

## (2) *Remand is not warranted based on the Supreme Court's decision in* People v. McDavid *(2024) 15 Cal.5th 1015 (*McDavid*)*

However, five days after defendant's resentencing, our Supreme Court issued its recent decision in *McDavid, supra*, 15 Cal.5th 1015.  After *Tirado, supra*, 12 Cal.5th 688, our Supreme Court addressed a split of authority that had developed as to whether a trial court could strike a section 12022.53, subdivision (d) enhancement and impose a lesser firearm enhancement under section 12022.53, subdivision (b) or (c).  (*McDavid*, at p. 1030.)  Our Supreme Court held that a court is not limited to permitting imposition of a lesser uncharged enhancement within section 12022.53 and may impose a lesser included, uncharged enhancement under another statute if supported by facts that were alleged and found true.  (*McDavid*, at p. 1030.)

While the information in this case charged a firearm enhancement pursuant to section 12022.5, the enhancement was not charged as to counts 1 and 2.  Nonetheless, after *McDavid*, the trial court had discretion to strike the section 12022.53 enhancements and impose lesser included enhancements pursuant to section 12022.5.  We conclude that, whether or not the trial court was aware of this discretion at the time of resentencing, it undoubtedly would not have exercised it.  Therefore, another resentencing hearing is unnecessary.

The question as to whether a trial court could impose a lesser included firearm enhancement outside of section 12022.53 was pending before the Supreme Court at the time of defendant's resentencing (see *People v. McDavid* (July 14, 2022, D078919) [nonpub. opn.], review granted Sept. 28, 2022, S275940, revd. & remanded sub nom. *McDavid, supra*, 15 Cal.5th at p. 1031) and the subject of three decisions published in 2022 (see *People v. Fuller* (2022) 83 Cal.App.5th 394, 397 [permitting imposition of lesser included, uncharged firearm enhancement outside of § 12022.53], review granted Nov. 22, 2022, review dism. June 26, 2024, S276762; *People v. Johnson* (2022) 83 Cal.App.5th 1074, 1080 [same], review granted Dec. 14, 2022, review dism. June 26,

2024, S277196; *People v. Lewis* (2022) 86 Cal.App.5th 34, 39–42 [may not impose a lesser firearm enhancement from outside of section 12053.22], disapproved in *McDavid, supra*, 15 Cal.5th at p. 1030). However, we need not determine whether the trial court knew the full extent of its discretion as clarified in *McDavid* because the record here clearly indicates the trial court would not have imposed lesser included firearm enhancements from section 12022.5. (See *People v. Gutierrez, supra*, 58 Cal.4th at p. 1391; *People v. Salazar* (2023) 15 Cal.5th 416, 425.)

As discussed above, the court previously indicated it was aware of its discretion to strike or dismiss the firearm enhancements and impose lesser section 12022.53 firearm enhancements that had also been found true by the jury. During defendant's initial sentencing, the trial court specifically stated that, after considering all the factors in aggravation and in mitigation, it would decline to strike or dismiss any other enhancements apart from section 667, subdivision (a). At resentencing, the trial court similarly stated: "I'm exercising all discretion I currently have and discretion I would have in the future, should I have some additional discretion and law change." Since 2018, the trial court had discretion to strike or dismiss some or all of the section 12022.53 enhancements. The other sentences possible under section 12022.53 include the lesser sentences of 20 years (§ 12022.53, subd. (c)) and 10 years (§ 12022.53, subd. (b)). Nonetheless, the trial court did not dismiss or strike the section 12022.53, subdivision (d) enhancements, although it could have and reduced the prison term for the firearm enhancements to 20 or even 10 years. The court's rejection of these alternatives makes clear it would not have imposed an alternative sentence of three, four, or 10 years under section 12022.5, subdivision (a), which authorizes imposition of sentences that are for less or the same number of years as found in section 12022.53.

Our Supreme Court has cautioned that "when the applicable law governing the defendant's sentence has substantively changed after sentencing, it is almost always speculative for a reviewing court to say what the sentencing court would have done if it

had known the scope of its discretionary powers at the time of sentencing." (*People v. Salazar, supra*, 15 Cal.5th at p. 425.) However, here, there is no speculation involved. If the court declined a reduction of 10 or 20 years, we conclude that the trial court would not have exercised its discretion to impose an even lesser firearm enhancement pursuant to section 12022.5. The record in this particular case meets the higher standard mandated by *Salazar*.

We conclude that remand for resentencing is not required.

## II.    *The trial court did not impose any sentence as to the prior prison term enhancements.*

Defendant argues that the trial court imposed and stayed sentence on at least one former section 667.5, subdivision (b) prior prison term enhancement and, therefore, he is entitled to a full resentencing. We disagree.

### A.    Background

Defendant's information (filed in 2018) originally alleged prior prison term enhancements (former § 667.5, subd. (b)) as to counts 1, 2, 3, 5, and 6. However, effective January 1, 2020, Senate Bill No. 136 (2019–2020 Reg. Sess.) amended section 667.5, subdivision (b) to limit prior prison term enhancements to prior prison terms that were served for a sexually violent offense. (§ 667.5, subd. (b), as amended by Stats. 2019, ch. 590, § 1, pp. 1–4.) Defendant's prior prison term was served for a violation of section 212.5 and not a sexually violent offense and, therefore, could not provide a basis for the enhancement.

Defendant fails to acknowledge that, in response to the prosecutor's motion, the trial court dismissed the prior prison term allegations as to all defendants on June 11, 2020. After the jury verdict, the trial court made true findings as to all prior conviction allegations in the information, and mistakenly, the dismissed former section 667.5, subdivision (b) allegations, although the court acknowledged that they could not be used for sentencing. The headings of all subsequent minute orders reflect the court's true finding as to the prior prison term enhancements and, after the original sentencing, also

indicate that the trial court stayed the enhancements. However, the minute orders from the original sentencing and resentencing hearings do not indicate that the former section 667.5, subdivision (b) enhancements were discussed during the hearings or that the court pronounced any sentence as to them. They were not included on the original or amended abstract of judgment. Most importantly for our purposes, the reporter's transcripts of defendant's sentencing and resentencing hearings establish that the court and parties did not discuss the former section 667.5, subdivision (b) enhancements and the court did not orally pronounce any sentence as to those enhancements.

### B.    Analysis

The trial court's oral pronouncement constitutes the court's judgment. (*People v. Mesa* (1975) 14 Cal.3d 466, 471.) Conflicts between the reporter's and clerk's transcripts are generally presumed to be clerical in nature and are resolved in favor of the reporter's transcript unless the particular circumstances dictate otherwise. (*People v. Smith* (1983) 33 Cal.3d 596, 599; *Mesa*, at p. 471.) Because the trial court had dismissed the prior prison term allegations before trial and no mention was made of them during either sentencing hearing, we conclude the minute orders are incorrect and shall order the resentencing minute order be corrected to reflect that the prior prison term enhancements were dismissed, consistent with the June 11, 2020 minute order and the reporter's transcript.

**DISPOSTION**

The clerk of the superior court shall (1) prepare amended abstracts of judgment that record the determinate sentences on Judicial Council form CR-290 and the indeterminate sentences on Judicial Council form CR-292, (2) transmit certified copies of the amended abstracts of judgment to the Department of Corrections and Rehabilitation, and (3) amend the April 24, 2024 resentencing minute order to reflect that the former section 667.5, subdivision (b) enhancements were dismissed (as reflected in the June 11, 2020 minute order) and not stayed. In all other respects, the judgment is affirmed.

13.
